IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| COLDWATER CREEK, INC., | ) | |
| | ) | CASE NO. CV06-355-N-EJL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM ORDER |
| | ) | |
| BRIGHTON COLLECTIBLES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Brighton Collectibles has filed this Motion to Dismiss or Stay Plaintiff Coldwater

Creek Inc.'s action seeking Declaratory Judgment. Plaintiff opposes the motion. The motion is now

ripe. Having fully reviewed the record, the Court finds the facts and legal arguments are adequately

presented in the briefs and record. Accordingly, in the interest of avoiding further delay and because

the Court conclusively finds the decisional process would not be significantly aided by oral

argument, these motions shall be decided on the record before this Court without oral argument.

## I. Factual Background

On August 23, 2006, counsel for the Defendant sent a letter to Plaintiff, accusing Plaintiff

of infringing Defendant's copyrights and trade dress. In the letter, Defendant stated, "[i]f we do not

hear from you by the close of business next Friday, August 18, 2006 that you will comply with our

demands, we have been instructed to file suit against Coldwater Creek for copyright infringement,

MEMORANDUM ORDER - Page 1

trade dress infringement, false designation of origin and unfair competition..."[1] (Docket 14, Exhibit A).  On August 31, 2006, Plaintiff's counsel phoned Defendant's counsel to clarify Defendant's intentions, and to ask for additional time to address the matter.  Defendant agreed to give Plaintiff until September 14, 2006 to respond to the letter.

On September 7, 2006, Plaintiff filed an action in this Court seeking a declaration of non-infringement of Defendant's copyrights, a declaration of non-infringement of Defendant's trade dress, a declaration of no false designation of origin, and a declaration of no unfair competition.  On September 12, 2006, Defendant filed suit against Plaintiff in the Southern District of California alleging copyright infringement, trade dress infringement, false designation of origin, common law unfair competition, and statutory unfair competition.  On September 14, 2006, counsel for the Plaintiff sent a letter to counsel for the Defendant stating: "the threat of imminent litigation contained in your letter requires that Coldwater Creek respond proactively to protect its legitimate business interests.  Accordingly, Coldwater Creek has initiated a lawsuit seeking declaratory relief..."  (Docket 14, Exhibit B).  Plaintiff then filed a motion to dismiss, stay, or transfer the California action to the District of Idaho, on October 4, 2006, based on the first-filed rule and 28 U.S.C. § 1404.  On October 24, 2006, Defendant filed this Motion to Dismiss or Stay Plaintiff's Declaratory Judgment action.

---

[1] The parties have agreed that the date "Friday, August 18, 2006" was written in error. The letter was dated, sent, and received on August 23, 2006.  Thus, "next Friday" would actually refer to September 1, 2006.  While Defendant claims it was a simple typographical error, Plaintiff has asserted this error in date gave Plaintiff reason to doubt Defendant's threats of litigation were legitimate and immediately impending.

MEMORANDUM ORDER - Page 2

**II. Standard of Review for Motion to Dismiss a Declaratory Judgment Action**

Defendant has filed a Motion to Dismiss Plaintiff's action seeking Declaratory Judgment. In support of their respective positions, Plaintiff and Defendant have each submitted memoranda, affidavits and other relevant evidence.

Under the Declaratory Judgment Act, a court may declare the rights and other legal relations of a party.  28 U.S.C. § 2201 (1993).  The Act confers on federal courts unique and substantial discretion in determining whether to declare the rights of litigants or to decline to enter a declaratory judgment.  Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995).  A court, within its discretion, should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations at issue, and (2) terminate or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  Central Montana Elec. Power Co-op., Inc. v. Administrator of Bonneville Power Admin., 840 F.2d 1472 (9th Cir. 1988).  The purpose of the Act is to relieve potential defendants from the threat of, "impending litigation  which a harassing adversary might brandish, while initiating a suit at his leisure - or never" Societe de Conditionnement, 655 F.2d 938, 943 (9th Cir. 1981).

A Court should award declaratory relief only in "a case of actual controversy."  28 U.S.C. § 2201.  To establish that a particular declaratory action presents an actual case or controversy, a party is required to show, under all the circumstances of the case, there is a substantial controversy between parties having adverse legal interests, and the controversy is of sufficient immediacy and reality to warrant declaratory relief.  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 (9th Cir. 1990); Societe de Conditionnement, 655 F. 2d at 943.  However, courts differ on how immediate, or distant, a controversy should be to warrant declaratory relief.

In the instant case, while neither party contends Plaintiff's action lacks an actual case or controversy, Defendant argues Plaintiff engaged in a race to the courthouse in an attempt to secure the forum of its choice.  Defendant argues this was motivated by Plaintiff's anticipation of Defendant's imminent infringement suit, and that, therefore, the court should decline to hear Plaintiff's Declaratory Judgment action.  In response, Plaintiff argues the instant action was not filed in anticipation of a suit by Defendant, but more as a "reasonable apprehension" of suit, and that, therefore, the Court should use its discretion to hear Plaintiff's first-filed suit.  (Docket 14, p. 5).

The first to file rule is "'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" Xoxide, Inc. v. Ford Motor Co., 448 F.Supp.2d 1188 (C.D. Cal. 2006) (citing Pacesetter Sys., Inc. V. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  The first to file rule exists to promote efficiency and should not be disregarded lightly.  Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir. 1991) (citing Church of Scientology v. United States Dep't of the Army, 611 F. 2d 738, 750 (9th Cir. 1979).  However, there are exceptions to the first to file rule.  A court may, in its discretion, depart from the first to file rule, when the filing of the first suit evidences bad faith, anticipatory suit, and/or forum shopping.  Alltrade, 946 F.2d at 628.  See also Xoxide, 448 F.Supp 2d at 1192 (citing Inherent.com v. Martindale-Hubbell, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006).  Plaintiff sites to Alltrade for the corollary proposition that a District Court also has discretion to allow the first-filed action to proceed.  946 F.2d at 622.

The Ninth Circuit has not given explicit guidance as to what should be deemed "anticipatory," and therefore might warrant a departure from the first to file rule, but has left this to

MEMORANDUM ORDER - Page 4

the discretion of the District Courts.  Defendant points to cases decided by courts within the Ninth Circuit in which declaratory judgment actions have been found to be anticipatory and therefore warranting dismissal.  In Xoxide, the court found an action was anticipatory and should be dismissed, " when the 'plaintiff in a first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent.'"  448 F.Supp 2d at 1192 (citing Guthy-Renker Fitness, LLC v. Icon Health & Fitness Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998).  However, such circumstances should be distinguished from "[v]eiled threats of legal action."  Guthy-Renker, 179 F.R.D. at 271.

Other Circuits have explicitly ruled a court should decline to hear declaratory judgment cases when an action constitutes forum shopping.  Defendant points to the Seventh Circuit case Tempco Electric Heater Corp. v. Omega Engineering, Inc., in which the court upheld a District Court's decision not to hear a party's declaratory judgment action, where the action was filed in response to a letter informing the party of an intention to file suit.  819 F.2d 746, 749 (7th Cir. 1987).  The court held: "Where, as here, the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later."  Id. at 749.  A similar set of facts exists in the instant case.  On August 23, 2006, Defendant sent a cease and desist letter threatening to file suit against Plaintiff if Defendant's demands were not met; Plaintiff responded by requesting more time, and then filing this action for declaratory relief on September 7, 2006.  Five days later, Defendant filed an infringement suit against Plaintiff in the Southern District of California.

Plaintiff argues its declaratory judgment action is not anticipatory and the court should use its discretion to hear the case.  Plaintiff references Guthy-Renker to support its proposition that the

MEMORANDUM ORDER - Page 5

letter sent by Defendant to Plaintiff did not provide, "specific, concrete indications that a suit by the defendant was imminent." 179 F.R.D. at 270.  However, the instant case must be distinguished from Guthy-Renker, in which the court found a letter "neither provided nor intended to provide Plaintiff with a specific, concrete indication of imminent suit," because the party neither threatened suit in the letter, nor had "'any intention of bringing about additional suits against other competitors.'" Id. at 271.  In contrast, in the instant case, the letter sent by Defendant to Plaintiff on August 23, 2006, explicitly threatened "to file suit against Coldwater Creek...."  Further, in Plaintiff's September 14, 2006 letter to Defendant, Plaintiff stated "the threat of imminent litigation contained in your letter requires that Coldwater Creek respond proactively to protect its legitimate business interests," indicating Plaintiff not only considered Defendant's letter to be a specific threat of imminent suit, but was motivated by the threat to file this declaratory judgment action.

Plaintiff compares the actions of the parties in the instant case to those of the parties in Royal Queentex Enterprises v. Sara Lee Corp., in which the court held a cease and desist letter sent by the defendant to the plaintiff, "constituted specific, concrete indications of a legal dispute, but not specific, concrete indication that suit was imminent..." in a motion to transfer venue.  No. C-99-4787 MJJ, 2000 WL 246599 at *5 (N.D.Cal. March 1, 2000).  The letter in question in Royal Queentex stated, "'[w]e are directing this correspondence in the hope that this matter may be resolved amicably,'" but that the defendant would "'forego legal action to enforce its rights only if'" it received the requested assurances from the plaintiff.  Id.  The court held the language of this letter threatened only "further legal action" generally.  Id. at *2.  In contrast, in the instant case, the letter sent by Defendant to Plaintiff specifically threatened an imminent lawsuit, by stating, "we have been instructed to file suit against Coldwater Creek" if the demands set forth in the letter were not met.

(Docket 14, Exhibit A).  While the Court recognizes the letter in <u>Royal Queentex</u> is similar to the letter in this case, there is an important distinction between the two in that the letter in this case is a specific, concrete indication that a suit was imminent absent a response by Plaintiff, not just a threat of possible future legal action.

Finally, Plaintiff points to patent law cases from the Federal Circuit Court, emphasizing a number of factors to be considered when determining whether to hear a declaratory judgment action, and expressing that anticipatory filing, in and of itself, is not dispositive.  <u>See</u> <u>Electronics For Imaging, Inc. v. Coyle</u>, 394 F.3d 1341 (Fed. Cir. 2005); <u>Genentech v. Eli Lilly & Co.</u>, 998 F.2d 931, 937 (Fed. Cir. 1993).  However, this Court respectfully declines to consider such precedent over that set by Courts within the Ninth Circuit and other Circuit Courts, because the Federal Circuit decisions relate to the unique circumstances surrounding patent law and the need for national uniformity in patent practice.

### III. Plaintiff's Declaratory Judgment Suit is Anticipatory and Warrants Dismissal

This Court, employing its discretion, declines to hear Plaintiff's action for Declaratory Judgment.  The Court finds the action was filed in anticipation of Defendant's impending infringement action, thus giving the appearance of forum shopping.  The August 26, 2006 letter from Defendant to Plaintiff offered a specific, concrete indication that a suit was imminent.  This is supported not only by the language included in Defendant's letter, but also by Plaintiff's September 14, 2006 letter in response, identifying Defendant's threat of imminent litigation and Plaintiff's

desired response of filing this action.  While the Court notes the importance of adhering to the first to file rule, in this case, it recognizes an exception, and is within its discretion to decline to hear Plaintiff's action.

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 12) is **GRANTED**.

DATED:  **July 27, 2007**

Honorable Edward J. Lodge
U. S. District Judge